UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JAYSON CARABALLO,

                Petitioner,

          -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------x

ORDER

10-CR-392-6 (CS)
21-CV-778 (CS)

Seibel, J.

        On January 22, 2021, Petitioner Jayson Caraballo filed a petition under 28 U.S.C. § 2255. (Doc. 1224 ("Pet.").)[1] It appeared that the Petition was untimely, but in an excess of caution I gave Petitioner the opportunity to be heard on timeliness, beyond what he had said in the Petition. (Doc. 1230.) Petitioner's submission was received on March 1, 2021. (Doc. 1234.) Having considered it and the original Petition, the Petition is DISMISSED as untimely. Further, it is in any event without merit.

        A federal prisoner seeking relief under § 2255 generally must file the motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

---

[1] Docket references are to No. 10-CR-392.

1

Equitable tolling may be available to excuse an untimely petition, but only where "the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (internal quotation marks omitted). If the requirements for neither § 2255(f) nor equitable tolling are met, Petitioner's claim may be heard only if he shows he is actually innocent. *See United States v. Flower*, No. 14-CR-108, 2019 WL 5957883, at *5 (D. Vt. May 23, 2019) ("Given that Flower's Motion is barred by the statute of limitations set forth in 28 U.S.C. § 2255(f)(1)-(4), to obtain relief she must establish that she is either actually innocent of her conviction or that she is entitled to equitable tolling of the statute of limitations."); *United States v. Torres*, No. 11-CR-389, 2017 WL 78513, at *2 (S.D.N.Y. Jan. 9, 2017) (referring to "the actual innocence gateway through [the] statute of limitations" of the Antiterrorism and Effective Death Penalty Act).[2]

The Judgment in Defendant's case was entered on June 13, 2013. (Doc. 757.) Because he did not appeal (consistent with his plea agreement), that conviction became final on June 27, 2013. *See United States v. Wright*, 945 F.3d 677, 683 (2d Cir. 2019) (conviction becomes final fourteen days after entry of judgment if no appeal filed, and time to file *habeas* petition runs one year later), *cert. denied*, 140 S. Ct. 1234 (2020); *see also* Fed. R. App. P. 4(b)(1) (allowing fourteen days to file notice of appeal from judgment of conviction). Petitioner's time to file under § 2255 thus ran on June 27, 2014, under § 2255(f)(1), unless one of the other provisions of § 2255(f) applies.

---

[2] The Court will send Petitioner copies of all unpublished decisions cited in this Order.

2

Petitioner argues that *United States v. Davis*, 139 S. Ct. 2319 (2019), on which his challenge to his conviction under 18 U.S.C. § 924(c) relies, was not decided until 2019.[3] The Second Circuit has not decided whether *Davis* is retroactively available on collateral review, *see, e.g., In re Thomas*, 988 F.3d 783, slip op. at 12 (4th Cir. 2021) (*Davis* applies retroactively); *Bonilla v. United States*, No. 07-CR-97, 2020 WL 489573, at *3 (E.D.N.Y. Jan. 29, 2020) (same), but assuming it is, the motion would still be untimely because more than one year ran between the decision in *Davis* on June 24, 2019, and Petitioner's filing of the instant petition on January 22, 2021. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (§ 2255(f)(3) "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court,'" not the date the right was made retroactive); *McPherson v. United States*, No. 19-CV-11036, 2020 WL 2765914, at *5 (S.D.N.Y. May 28, 2020) (§ 2255(f)(3) allows one year for filing, running from date Supreme Court initially recognized constitutional right). Section 2255(f)(3) thus does not aid Petitioner.

To the extent that Defendant suggests, pursuant to § 2255(f)(2), that pandemic-related restrictions on access to the law library or legal assistants in prison might qualify as a government-induced impediment to making his motion, that argument would fail for several

---

[3] Petitioner raises three claims – a *Davis* challenge to his conviction under 18 U.S.C. § 924(c), a claim that his sentence was unreasonable, and a claim of ineffective assistance of counsel at sentencing – but he makes no effort to explain the six-plus year delay in raising the latter two. His argument as to timeliness addresses only the *Davis* decision in 2019 and the pandemic in 2020. He advances no reason why his other claims could not have been raised earlier and makes no argument as to why those claims, which do not rely on *Davis*, would be timely. Accordingly, I address only his *Davis*-based challenge to his conviction under 18 U.S.C. § 924(c).

3

reasons. First, I do not regard steps taken in the interest of health and safety as government-induced impediments. *See United States v. Leggio*, No. 17-CR-41, 2021 WL 694806, at *3 (M.D. Pa. Feb. 22, 2021) (untimely motion not excused under § 2255(f)(2) because pandemic clearly not impediment created by government action). Second, even if the pandemic-related restrictions were such an impediment, they would cover only the period between March 2020 and the present, not the whole six-plus years by which Petitioner missed the deadline. *Cf. Frazier v. United States*, No. 17-CR-364, 2021 WL 111638, at *2 (S.D.N.Y. Jan. 12, 2021) (*Davis* argument available at least since 2015 when *Johnson v. United States*, 576 U.S. 591 (2015), which provided all tools necessary to construct *Davis* argument, was decided) (collecting cases). Third, Petitioner made submissions to the Court on six occasions after March 2020 and before he filed the Petition, (Doc. 1174 (5/7/20), Doc. 1178 (5/19/20), Doc. 1185 (6/17/20), Doc. 1208 (11/24/20), Doc. 1221 (1/19/21) and Doc. 1225 (1/21/21)), so it is apparent that the pandemic would not have prevented him filing a petition – even a bare-bones one – and then asking for additional time to file a memorandum of law. Because there was no impediment (government-induced or otherwise) to his raising the *Davis* claim of which he admits he became aware immediately after that case was decided, (Pet. at 12)[4], § 2255(f)(2) also does not apply.

Finally, Petitioner does not allege that any new facts have come to his attention. *See McCloud v. United States*, 987 F.3d 261, 262 (2d Cir. 2021) ("[A]n intervening development in case law – here, a decision issued after a conviction but before the filing of a motion under § 2255 – is not a newly discovered 'fact' within the meaning of § 2255(f)(4)."); *Tellado v. United States*, 799 F. Supp. 2d 156, 163 (D. Conn. 2011) (a "change in the law occasioned by [a

---

[4] Citations to Pet. use the page numbers generated by the Court's ECF system.

4

new decision does] not create a new 'fact' for the purposes of § 2255(f)(4)"), *aff'd*, 745 F.3d 48 (2d Cir. 2014).   Accordingly, § 2255(f)(4) does not aid Petitioner.

The petition is thus untimely under § 2255(f).   I next consider whether equitable tolling might excuse the untimely filing.   As noted, "equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action."   *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014).   "Equitable tolling applies only in rare and exceptional circumstances." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (alterations and internal quotation marks omitted).

> The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.

*Id.* at 134.   Thus, even if there are extraordinary circumstances, "the link of causation between the extraordinary circumstances and the failure to file is broken" if the petitioner seeking equitable tolling has not exercised reasonable diligence.   *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (internal quotation marks omitted).   The court "examines the petitioner's diligence not only during the time he seeks to have equitably tolled but also during the time up to and including the date of filing."   *Adkins v. Warden*, 585 F.Supp.2d 286, 300 (D. Conn. 2008).

Petitioner refers to unspecified information he sought immediately after *Davis* was decided in June 2019, but "courts have held that lack of access to legal materials or papers does not constitute an extraordinary circumstance that warrants equitable tolling."   *Morales v. Bradt*,

5

No. 11-CV-329, 2013 WL 600176, at *4 (W.D.N.Y. Feb. 11, 2013) (collecting cases). Even if a lack of materials could in some instances amount to an extraordinary circumstance, Petitioner's claim fails because he does not identify any information he needed to file his petition; indeed, the late-filed petition does not refer to or attach any documents, and is based entirely on facts allegedly known to Petitioner himself. He "has failed to demonstrate the causal connection between [his lack of] legal papers . . . and [his] delay in filing the habeas petition . . . . Notably, Petitioner does not explain how the allegedly-withheld legal papers were even necessary in the preparation of the instant petition . . . ." *Id.*; *see Lee v. Portuondo*, No. 02-CV-3990, 2003 WL 22173078, at *5 (E.D.N.Y. Aug. 29, 2003) (no tolling where petitioner made no effort to explain why missing records were necessary to advance claims in petition). Moreover, Petitioner says he was still waiting for guidance when the pandemic hit in March 2020. (Pet. at 12). Doing nothing for nine months hardly amounts to "act[ing] with reasonable diligence throughout the period he seeks to toll." *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007) (internal quotation marks omitted).

Likewise, "restricted access to library facilities does not merit equitable tolling," *Cross v. McGinnis*, No. 05-CV-504, 2006 WL 1788955, at *6 (S.D.N.Y. June 28, 2006), nor does "limited access to legal assistance," *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002). The pandemic-related restrictions on law-library and law-clerk access thus do not justify equitable tolling, and even if they could in some circumstances, they would not do so here because, as noted above, they did not prevent Petitioner from making multiple applications to this Court during the pandemic, nor do they explain why he did not act with greater diligence during the period between 2014 and 2020. *See Olsen v. United States*, No. 20-CV-166, 2021

6

WL 329462, at *3 (D. Idaho Feb. 1, 2021) ("[T]he COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis, as [petitioner] must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion.") (internal quotation marks omitted); *United States v. Barnes*, No. 18-CR-154, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020.").

In short, the factors to which Petitioner points do not, individually or collectively, rise to the level necessary to excuse his failure to file his petition within the one-year limitations period.

Petitioner finally argues that he is actually innocent. "The Supreme Court has made clear that the actual innocence exception is very narrow and is concerned with actual as compared to legal innocence. The exception, therefore, does not apply where the petitioner merely makes a legal argument." *Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (internal quotation marks, alteration and citations omitted). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner does not make any non-frivolous argument that he did not commit the acts underlying his conviction, so the actual-innocence gateway around § 2255(f) is not available to him.[5]

---

[5] To the extent Petitioner argues that the Government did not meet its burden of proof as to the § 924(c) charge, the argument is frivolous because he pleaded guilty to that offense, and, according to my notes of his allocution, admitted (among other things) that he had carried a gun to protect himself and drugs. To the extent Petitioner suggests that his conviction is invalid because § 924(c) requires "active employment" of a firearm, under *Bailey v. United States*, 516 U.S. 137, 144 (1995) (holding that "use" of a firearm requires "active employment," as opposed to mere possession), that argument is also frivolous. In 1998 Congress, in response to *Bailey*,

7

Finally, and dispositively both as to actual innocence and the merits of Petitioner's *Davis* claim, his conviction under 18 U.S.C. § 924(c) was based on his use of a firearm in connection with a narcotics conspiracy, (Doc. 757 at 1-2; *see* Doc. 471; Doc. 731 at 3-4; Doc. 733 at 2), as Petitioner knows from a previous ruling, (Doc. 1166). "In *Davis*, the Supreme Court held that the definition of 'crime of violence' contained in the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague," but that case "has no effect on convictions under § 924(c) where the predicate offense was a drug trafficking crime rather than a crime of violence." *Jacobs v. United States*, No. 12-CR-72, 2020 WL 8513152, at *3 (S.D.N.Y. Dec. 7, 2020) (internal quotation marks and citations omitted) (collecting cases). Because *Davis* "did not invalidate the 'drug trafficking crime' predicate for a Section 924(c) conviction, which remains undisturbed," *Flowers v. United States*, No. 19-CV-11950, 2020 WL 6782047, at *2 (S.D.N.Y. Nov. 18, 2020), Petitioner is not actually innocent, and his petition would be dismissed on the merits even if it were not untimely.[6]

---

amended § 924(c) to encompass not only use and carrying of a firearm during and in relation to a predicate crime, as the statute read when *Bailey* was decided, but also possession of a firearm in furtherance of such a crime. *See United States v. O'Brien*, 560 U.S. 218, 233 (2010). Thus, "active employment" was not necessary to a § 924(c) violation based on "use" at the time Petitioner committed the offense or was sentenced for it. *See United States v. Saltares*, 358 F. Supp. 2d 297, 300 (S.D.N.Y. 2005). Further, Petitioner's admission that he carried a firearm to protect drugs would "satisf[y] both the carrying and possession-in-furtherance prongs." *Marquez v. United States*, No. 11-CR-629, 2014 WL 12452472, at *5 n.7 (S.D.N.Y. Oct. 16, 2014); *see also, e.g., United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (*per curiam*) (district court entitled to rely upon defendant's sworn statements in open court that contradicted claim); *Salerno v. Berbary*, 389 F. Supp. 2d 480, 484-85 (W.D.N.Y. 2005) (rejecting *habeas* challenge where allegations were contradicted by his sworn statements at plea; "[a] trial court may fairly rely upon a [petitioner's] sworn statements made in open court").

[6] Petitioner's remaining claims would also be meritless if they were not untimely. Petitioner's second claim – that his sentence was unreasonable because of application of the two-level enhancement under § 2D1.1(b) for use of a weapon in connection with the narcotics

For the reasons stated above, the petition is DISMISSED.[7]  The Clerk of Court is respectfully directed to: 1) docket this Order in both of the above-captioned cases; 2) terminate Doc. 1224 in No. 10-CR-392; 3) close No. 21-CV-778; and 4) send a copy of this Order to Jayson Caraballo, No. 88357-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.  As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

SO ORDERED.

Dated: March 19, 2021
   White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

conspiracy – is not only not cognizable via a § 2255 petition, *see Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996), but is also factually incorrect, as the record is clear that the § 2D1.1(b) enhancement was not applied, pursuant to U.S.S.G. § 2K2.4 Application Note 4. Finally, counsel was not ineffective for agreeing to a two-level leadership enhancement as part of a compromise with the Government.  The plea agreement negotiated by counsel avoided the risk of a greater enhancement and garnered other substantial benefits for Petitioner, including the reduction of the mandatory minimum applicable to Count 29 from ten years to five.  Such strategic decisions cannot be second-guessed via § 2255.  *See Baghoumian v. United States*, No. 10-CR-895, 2019 WL 2209205, at *10 (S.D.N.Y. May 22, 2019) ("[C]ourts have rejected ineffective assistance claims premised on an attorney's failure to object to sentencing enhancements, as counsel's decision not to object to the enhancements may have been a strategic decision employed to secure the plea agreement.") (internal quotation marks omitted).

[7] No hearing is necessary because the issues are ones of law and there are no disputed facts requiring resolution at a hearing.  *See Jarvis v. United States*, No. 10-CV-5693, 2012 WL 34091, at *4 n.2 (E.D.N.Y. Jan. 6, 2012); *Frias v. United States*, No. 09-CV-2537, 2010 WL 3564866, at *8 (S.D.N.Y. Sept. 13, 2010).